UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID LAMONT CONLEY III                                              PLAINTIFF
ADC #101068

V.                         No. 1:18CV00058-JM-JTR

KEITH DAY JEROME, Chief of Security;
and STEPHEN WILLIAMS, Warden,
North Central Unit                                                   DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

Plaintiff David Lamont Conley III ("Conley") is a prisoner in the Ouachita River Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that, while he was at the ADC's North Central Unit

("NCU"), Defendants violated his constitutional rights. *Doc. 1*. Before Conley may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

Conley alleges that, on April 3, 2018, Defendant Major Keith Jerome Day ("Day")[2] wrote a major disciplinary "falsely" accusing him of "assault, any threat(s) to inflict injury upon another, directly or indirectly, verbally or in writing." According to Day's disciplinary charge, Conley had submitted an administrative grievance that contained the following language, which Day deemed to be "insolent and threatening": "My safety and freedom is not a joke to me and I'm go[ing to] show that it's not. I'm trying to get transferred away from here." *Doc. 1 at 4; Doc. 1-1*.

On April 9, 2018, a disciplinary hearing was conducted, at which Conley made the following statement: "When [Day] said that about me fearing for my safety

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2]Although Conley initially identified this Defendant as "Keith Day Jerome," his Complaint and its attachments make it clear that the correct name is "Keith Jerome Day." *Doc. 1 at 1 & 5; Doc. 1-1 at 1 & 6*.

and freedom and that I would show that it's not, I was talking about filing lawsuits not any harm." *Doc. 1-1 at 2*. The disciplinary hearing officer convicted Conley of the disciplinary charge and imposed punishment of sixty days of restricted commissary, phone and visitation privileges, thirty days in punitive isolation, a reduction in his classification level, and forfeiture of 212 days of good time. *Id.*

Conley appealed his disciplinary conviction to Defendant Warden Stephen Williams ("Williams"), who affirmed. Williams stated, "While you claim you were only referring to the filing of paper work, your grievance did not clearly explain that, and I agree that your vague statements can reasonably be taken as a threat to this institution." *Id. at 4*. Conley then appealed to the ADC Director, stating that officers were harassing him and taking his safety and freedom as a joke, his grievance was talking about filing complaints and a lawsuit about the situation, he said nothing about doing bodily harm to anyone or threatening anyone, and his class and good time should never have been taken. On July 18, 2018, the ADC Director reversed the disciplinary conviction "after a thorough review of the documents pertaining to this matter." *Id. at 5-6*.

In this § 1983 action, Conley alleges that: (1) the "unprofessional conduct" of Defendants Day and Williams shows that there is corruption and a "good old boy" system in the ADC; (2) Defendants violated ADC policy by writing a "bogus" disciplinary and "falsifying" documents; and (3) Defendants should be held

accountable for violating the ADC code of conduct. Conley seeks compensatory and punitive damages. *Doc. 1 at 4-6.*

The major disciplinary charge Day brought against Conley is not itself actionable under § 1983. It is well settled that an officer's mere filing of a disciplinary charge -- even an inaccurate or incomplete charge -- does not give rise to a § 1983 cause of action. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983).

To the extent that Conley raises a due process challenge to the subsequent disciplinary conviction and the punishment imposed, this claim also fails. The record makes it clear that, *at the most*, Conley served thirty days in punitive isolation, with the associated restrictions in privileges, before the ADC Director reversed his conviction. A prisoner may only maintain a due process challenge to a disciplinary conviction or proceeding if he is deemed to have a liberty interest at stake. *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 846-47 (8th Cir. 2003). A prisoner does *not* have a liberty interest in avoiding temporary disciplinary segregation and the suspension of privileges, because such punishment does not create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 482-86 (thirty days in disciplinary segregation); *Phillips,* 320 F.3d at 847 (thirty-seven days in isolation and loss of privileges of contact visitation, exercise and chapel); *Portley-El v. Brill,* 288 F.3d

1063, 1065-66 (8th Cir. 2002) (thirty days in punitive); *Kennedy v. Blankenship,* 100 F.3 640, 642-43 & n.2 (8th Cir. 1996) (thirty days in punitive segregation, which included the suspension of mail, telephone, visitation and commissary privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (no liberty interest arising where prisoner served forty-five days in administrative segregation before disciplinary decision was reversed).

Similarly, a prisoner does not have a liberty interest in maintaining his classification level. *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris,* 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dept. of Correction,* 107 Fed. Appx. 695, 696 (8th Cir. 2003); *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994); *Madewell v. Roberts,* 909 F.2d 1203, 1207 (8th Cir. 1990).

Finally, while Conley's good-time credits were initially forfeited, they were restored by the reversal of his disciplinary conviction. Even if Conley had a liberty interest in those good-time credits,[3] the Eighth Circuit has clarified that a violation of a prisoner's due process rights in connection with a wrongful disciplinary conviction is vindicated by the administrative reversal of that conviction. *Sanders*, 153 Fed. Appx. at 404; *Wycoff*, 94 F.3d at 1189; *accord Davis v. Norris,* 230 Fed.

---

[3]*But see Crockett v. Kelley*, No. 5:18cv00210-JM-JTR, 2019 WL 1590947, *2-3 (E.D. Ark. Mar. 14, 2019) (explaining that "Arkansas has *not* created a liberty interest in good time" because, instead of reducing a prisoner's sentence, the good-time statute merely reduces the length of time until an inmate is eligible for parole), *recommendation adopted* 2019 WL 1590588 (E.D. Ark. Apr. 12, 2019).

Appx. 636, 636 (8th Cir. 2007) (prisoner's "alleged due process violations resulting from a disciplinary hearing and conviction were cured by its reversal"); *Whited v. Waddle,* 223 Fed. Appx. 535, 535-36 (8th Cir. 2007) ("any due process violations committed during the disciplinary hearing were cured by the subsequent reversal of the disciplinary conviction").

Finally, Conley's allegation that Defendants' conduct violated ADC policy also fails. As a matter of law, the violation of prison policy, standing alone, does not rise to the level of a constitutional violation actionable under § 1983. *Moore v. Rowley,* 126 Fed. Appx. 759, 760 (8th Cir. 2005); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). In addition, it is well settled that prisoners do not have a due process right to enforce compliance with internal prison rules or regulations. *Phillips,* 320 F.3d at 847; *Gardner,* 109 F.3d at 430.

Accordingly, Conley has not pled a viable § 1983 claim against Defendants.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Conley's Complaint (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in*

*forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 29th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE